No. 47,512

LEROY S. BROWN, JR., *Appellant*, v. ROBERT ATKINS, et al., *Appellee.*

(533 P. 2d 764)

Opinion filed March 1, 1975.

*John C. Tillotson,* of Murray & Tillotson, Chartered, of Leavenworth, was on the brief for appellant.

*Curt T. Schneider,* attorney general, and *Jerry R. Shelor,* assistant attorney general, were on the brief for appellees.

*Per Curiam:* This is an appeal from the district court's denial of an application for a writ of habeas corpus by the appellant who admits to being lawfully confined in the Kansas State Penitentiary. While the record does not enlighten us, presumably the appellees are members of the prison Disciplinary Board.

Appellant was disciplined after hearing for having unauthorized items of personal property in his possession. The contraband was confiscated and the appellant was placed on fifteen days restriction. He appealed to the Director of Penal Institutions under the procedure provided for by regulation. The Director approved the action of the Board.

The appellant contends he was denied due process of law by the failure of the Board to furnish a transcript of the proceedings before the Disciplinary Board as a basis for his appeal to the Director. No transcript is required by the Board's procedural rules in cases involving infractions of prison rules, such as this one, in "Class II Offenses" of a relatively minor nature.

We find nothing in the record to indicate that at any stage of the proceedings has appellant been denied due process of law according to the standards applicable to internal prison administrative procedures. No further elaboration is necessary, particularly in view of the fact that the question has long since become moot, as appellees pointed out in the district court. The fifteen days of restricted activity imposed on appellant had expired before he filed his petition in the district court. There is no showing that appellant's normal freedom of activity in prison is in any way now restricted

by any act of the appellees. To grant a writ of habeas corpus would be an idle gesture even if there were merit in appellant's claim of a denial of his constitutional rights.

The judgment is affirmed.